# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 20-60914

Elvis Njenula Yahm,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 600 948

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Per Curiam:[*]

Elvis Njenula Yahm, a citizen of Cameroon facing removal, sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on his pro-Anglophone political opinion. An immigration judge denied all three avenues for relief, and the Board of Immigration Appeals (BIA) dismissed Yahm's appeal.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60914

Yahm asks this court to review only the BIA's dismissal of his CAT claim. He argues that the BIA erred in determining that the immigration judge's adverse credibility finding was fatal to his claim for CAT relief because he presented documentary evidence of the Cameroonian government's practice of torturing political dissidents. Though the immigration judge considered and rejected his documentary evidence, Yahm claims that the BIA ignored it.

A recent decision supports Yahm's view that an adverse credibility finding does not relieve the agency of its obligation to also consider documentary support for a CAT claim. *See Arulnanthy v. Garland*, 17 F.4th 586 (5th Cir. 2021). *Arulnanthy* held that the BIA erred by treating its adverse credibility finding as dispositive of the petitioner's CAT claim because the petitioner offered nontestimonial country-conditions evidence that could have "independently establish[ed] his entitlement to CAT relief." *Id.* at 598. We remanded to the BIA for it to consider the nontestimonial evidence. *Id.* at 599.

The question is whether we should do the same here. We first must determine whether Yahm sufficiently preserved this *Arulnanthy* claim. The Government contends that his claim is unexhausted because Yahm did not argue before the BIA that the *immigration judge* failed to consider his nontestimonial evidence. *See* 8 U.S.C. § 1252(d)(1). But given that the immigration judge did consider his documentary evidence, it would not have made sense to make that argument. We recently addressed how a petitioner can sufficiently exhaust when the alleged error—specifically, failing to consider evidence—does not occur until the BIA's order. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). We explained that a petitioner exhausts by "ask[ing] the Board to reverse the I.J.'s ruling" based on the immigration judge erroneously evaluating the evidence—which is a "direct predicate of the Board's error" of not considering the evidence at all.

2

*Id.* at 360–61.  Yahm did that.  In his briefing before the BIA, Yahm argued that the immigration judge discounted his nontestimonial evidence, specifically "the U.S. State Department human rights report," which documented the use of torture by the Cameroonian state.  He then quoted part of that report.  This was sufficient to exhaust Yahm's present claim that the BIA failed to consider his nontestimonial evidence establishing a likelihood of torture.  *Cf. id.* at 361.

The remaining question is whether the BIA based the denial of Yahm's CAT claim solely on the adverse credibility finding.  We conclude that it did.  The BIA determined that "the adverse credibility finding [was] fatal to *all* of his applications"—which would include Yahm's CAT claim.  Because Yahm offered nontestimonial evidence of country conditions in Cameroon, the BIA erred by not considering it in the context of his CAT claim and instead treating Yahm's lack of credibility as dispositive.  *See Arulnanthy*, 17 F.4th at 598.

\* \* \*

Yahm's petition for review is GRANTED and these proceedings are REMANDED for the BIA to address the CAT claim consistent with *Arulnanthy*.